This is a controversy submitted without action on the following statement of facts:
SECTION 1. That Clarence Latham, and the other individual plaintiffs named above, constitute the wardens, vestrymen, and trustees of Grace Church, of Plymouth, N.C. and are authorized by law to sell and convey real estate belonging to the said church. That the said church is an organization with those powers and rights as prescribed in sections 2672, 2673, etc., of Revisal.
SEC. 2. That Mrs. M. F. Spruill, who died on or about .... March 1881, left a last will and testament, which said will was regularly executed and properly probated and docketed in Washington County; a copy of the only material parts of said will is hereto annexed and made a part hereof.
SEC. 3. That those lots in the town of Plymouth, mentioned in item 6 of said will, to wit, parts of lots 158, 159, 160, 161, had standing thereon, at the time said will took effect, a residence of the testatrix together with her furniture and household effects, and that she owned same in fee simple.
SEC. 4. That immediately after the death of the testatrix, the said Grace Episcopal Church took possession of the said four lots mentioned, to wit, in 1881, and used same for the purpose of rectory or residence for the ministers of said church. *Page 256 
SEC. 5. That in 1886, or thereabout, the dwelling-house on said lots was destroyed by fire, and ever since said time there has been no residence on said lots. The said church, however, has held actual, quiet, continuous, and notorious adverse possession of said lots since said date until the present time, claiming said parcel of land as its own.
SEC. 6. That the location of said lots is such that a residence could not be satisfactorily used thereon; said lots lying in close proximity to the freight depot and yards of a railroad company, and being (316) totally unfit for residential purposes.
SEC. 7. That it is the purpose of the plaintiffs to sell said lots and use the proceeds arising therefrom for the purpose of buying a rectory and residence for the ministers of the said church at a more proper and suitable location. That said plaintiffs contend that, under the provisions of section 6 of said will, they have a right to so convey said property, the funds arising therefrom to be used for the purpose above mentioned.
SEC. 8. That the plaintiffs contend that they are the owners in fee simple of said property, and have a right to convey same in fee simple.
SEC. 9. That the plaintiffs, being properly authorized so to do by said church, and acting within the scope of their power, have agreed to sell and the defendants have agreed to purchase the said four lots mentioned in item 6 of the said will, at the price of $1,100. That the plaintiffs have tendered deed, and the defendant has refused to accept same on the ground that plaintiffs cannot convey a good title, in fee simple, for the said four lots.
SEC. 10. That it is agreed that, in the exercise of good judgment, would be wise for the plaintiffs to sell said land, and to build or buy a rectory at a more suitable location for the same.
SEC. 11. By consent, judgment herein may be rendered in vacation.
Wherefore, it is prayed that if the court be of the opinion that plaintiffs can make a good title, that it so adjudge, and that defendant be required to pay the purchase price and take deed; if, on the other hand, the court be of the opinion that plaintiff cannot make a good title, that it so adjudge.
WILL OF MRS. SPRUILL.
"ITEM 6. I give and bequeath and devise the upper parts of lots No. 158, 159, 160, and 161, in the town of Plymouth, lying on the south side of Water Street, together with all of the furniture, books, portraits works of art, plate, silverware, apparel, privileges and appurtenances thereunto in any wise belonging, to the wardens, vestry, (317) and trustees of Grace Episcopal Church of Plymouth, N.C. the members of said congregation, it being Protestant Episcopal *Page 257 
Church, in the diocese of North Carolina, and their heirs and successors in office, to be by them held as a rectory or residence for the ministers of said church, and I hereby will and declare that the same shall not be disposed of, sold, or used in any other way or for any other purpose than the one designated in this clause of my will.
"ITEM 7. I give and devise to the said wardens and vestry and trustees of said church and the members of the said congregation, and their heirs and successors in office, the water part of lot No. 148, and my two-thirds of the upper part of said lot in the town of Plymouth to be held, used, and enjoyed and disposed of by them for benefit of said church."
Judgment was rendered in favor of the plaintiffs, and defendant excepted and appealed.
The will under consideration contains no restraint upon alienation that the law would not have imposed upon the declaration of trust in favor of Grace Church, as the property is devised in trust, and, in the absence of a power conferred by the will, could not be sold for any other purpose than the one designated, and the language used can have no legal signification except to confer the power to sell.
The language, the property "shall not be disposed of, sold, or used in any other way or for other purpose than the one designated in this clause of my will," manifests an intention to effectuate the trust, and to permit a sale if the purpose declared, of providing a rectory, can be thereby promoted; but if this power to sell and reinvest in other land, suitable for a rectory, is not contemplated by the will, it is not forbidden, and under the statute, Revisal, sec. 2673, the plaintiffs can sell.
If, however, this was doubtful, the sale in this case has the sanction of the court, and courts of equity have long exercised the jurisdiction to sell property devised for charitable uses, where, on account of changed conditions, the charity would fail or its usefulness would be materially impaired without a sale. Lockland v. Walker, 52 N.W., (318) (Mo.), 427; Brown v. Baptist Society, 9 R. I., 184; Stanly v.Colt, 72 U.S. 119; Jones v. Habersham, 107 U.S. 183.
In the last case, the Court said of an express provision against alienation: "It will not prevent a court of chancery from permitting, in case of necessity arising from unforeseen change of circumstances, the sale of the land and the application of the proceeds to the purposes of the trust. Tudor on Charitable Trusts (2d Ed.), 298; Stanly v. Colt, 5 Wall., 119, 169." *Page 258 
We are of opinion that the sale is valid, and the judgment of the Superior Court is
Affirmed.
Cited: College v. Riddle, 165 N.C. 217; Fisher v. Fisher, 170 N.C. 381.