J. T. HOLTON ET AL., TRUSTEES OF RURAL TRINITY METHODIST CHURCH, SOUTH, v. D. E. ELLIOTT.

(Filed 11 May, 1927.)

1. **Wills—Devise—Charitable Uses—Trusts.**

  · A devise of farm lands to the trustees of a religious congregation to be used as a pastor's home, with provision for the perpetual care of the testator's grave, is a good devise for a charitable use and enforceable to effectuate the testator's intent.

2. **Same—Courts—Jurisdiction—Equity—Conversion — Deeds and Conveyances.**

  Where a devise of lands to the trustees of a religious congregation under changed conditions has become ineffectual to carry out the purpose of the testator in providing a home for its pastor, or to carry out the condition annexed thereto, our courts have equitable jurisdiction to order a sale of the lands and the reinvestment of the proceeds in a home suitable for the purpose, and the reinvestment of the remainder of the proceeds of the sale to perform the conditions upon which the home was devised and accepted.

APPEAL by defendant from *Finley, J.,* at March Term, 1927, of MECKLENBURG.

Controversy without action on facts agreed. On 17 October, 1914, Mrs. Harriet T. Neisler made her will, one item of which is as follows: "And my Martin farm I will to be kept in the hands of the trustees of Trinity Church, which are T. M. Carr, J. W. Carr, and others, and their successors in office, for a home for the minister who serves this church, and to keep our lot in the cemetery in nice condition all the time." In May, 1920, the will was duly probated, filed, and recorded in the office of the clerk of the Superior Court. The farm consists of 76.31 acres, situated in Long Creek Township, about seven miles from Charlotte, 68.50 acres being on the east side and 7.81 acres on the west side of

Beattie's Ford road. Upon said farm there is no house or building fit or suitable for use as a home for the minister serving Trinity Church; the only improvement upon said farm is a small tenant house, which is in a bad state of repair, and is hardly habitable in its present condition. The barn, crib, and other out-houses have so.fallen into decay as to be unfit for any use for which they were originally intended; on account of the condition and disrepair of said premises, it is impossible to secure a tenant to cultivate said farm, and the income therefrom, being less than $100, is not sufficient to pay a reasonable charge for the oversight and care of said premises. As the property now stands, it is of no practical purpose and use as a home or parsonage for the minister of Trinity Church, but on the contrary is rather a burden than a benefit to Trinity Church; the trustees have no funds with which to build a home or parsonage for the minister serving said church.

The plaintiffs, who are the present trustees of Trinity Church, pursuant to authority given them by the Quarterly Conference, entered into a contract with the defendant in February, 1921, by the terms of which he was to purchase the property at the price of $7,530. Of this sum, not exceeding $5,600 is to be invested in the purchase of a parsonage or home for the minister serving the church, and the remainder to be invested in approved securities, the income from which shall be expended annually in the preservation of the cemetery lot and the upkeep of the parsonage.

Before the commencement of the action the plaintiffs tendered to the defendant a deed in due form, and the defendant refused to accept the deed and pay the purchase price for the alleged reason that the plaintiffs cannot convey a title in fee.

Upon the agreed facts, his Honor adjudged that the plaintiffs are entitled to the specific performance of the contract. The defendant excepted, and appealed.

*Pharr, Bell & Pharr for plaintiff.*
*Stancill & Davis for defendant.*

ADAMS, J. In devising the Martin farm to the trustees of Trinity Church, Mrs. Neisler had in mind the double purpose of providing a home for the ministers who should serve the church and of caring for her lot in the cemetery, and keeping it in good condition. These two purposes constituted the chief object of her bounty, and her gift was the means by which the object was to be attained. The devise was a gift for a charitable purpose. Gifts of this character, though not expressly included among those enumerated in 43 Elizabeth, the Statute of Charitable Uses, are upheld and enforced; and courts of equity have jurisdiction to order, and in proper cases do order, the alienation of

property devised for charitable uses. *Keith v. Scales,* 124 N. C., 497; *Vidal v. Girard,* 43 U. S., 127; 2 How., 127; 11 Law Ed., 205; 11 C. J., 323; Eaton on Eq., 349. The power is not infrequently exercised where conditions change and circumstances arise which make the alienation of the property, in whole or in part, necessary or beneficial to the administration of the charity. The principle is very clearly upheld in *Church v. Ange,* 161 N. C., 315, in which it is said:. "The language, the property 'shall not be disposed of, sold, or used in any other way or for other purpose than the one designated in this clause of my will,' manifests an intention to effectuate the trust, and to permit a sale if the purpose declared, of providing a rectory, can be thereby promoted; but if this power to sell and reinvest in other land, suitable for a rectory, is not contemplated by the will, it is not forbidden, and under the statute, Revisal, sec. 2673, the plaintiffs can sell. If, however, this was doubtful, the sale in this case has the sanction of the Court, and courts of equity have long exercised the jurisdiction to sell property devised for charitable uses, where, on account of changed conditions, the charity would fail or its usefulness would be materially impaired without a sale. *Lockland v. Walker,* 52 N. W. (Mo.), 427; *Brown v. Baptist Society,* 9 R. I., 184; *Stanly v. Colt,* 72 U. S., 119; *Jones v. Habersham,* 107 U. S., 183. In the last case, the Court said of an express provision against alienation: 'It will not prevent a court of chancery from permitting, in case of necessity arising from unforeseen change of circumstances, the sale of the land and the application of the proceeds to the purposes of the trust. Tudor on Charitable Trusts (2 ed.), 298; *Stanly v. Colt,* 5 Wall, 119, 169.' "

The judgment is

Affirmed.