FIRST-CITIZENS BANK & TRUST COMPANY, a Corporation, Trustee; MAGGIE E. RASBERRY; ROBERT P. RASBERRY and Wife, MILDRED GREEN RASBERRY; HOWELL P. RASBERRY and Wife, NINA WAY CREDLE RASBERRY; FRANCIS P. RASBERRY and Wife, CLAIR RASBERRY; and JOSEPH C. RASBERRY, JR., v. ROBERT P. RASBERRY, JR.; an Infant Sixteen Years of Age; JANE RASBERRY, an Infant Three Years of Age; and Any and All Persons Not Now in Being, and Any and All Persons Under Any Disability, and Any and All Persons Whose Names and Residences Are Not Known, Who, Because of or in Any Contingency May, to Any Degree or Extent Become Interested in the Lands Involved in and for the Sale of Which This Action Is Instituted, and MATT H. ALLEN, Guardian ad Litem.

(Filed 16 October, 1946.)

**1. Estates § 10: Trusts § 20—**

A petition by the trustee and the adult beneficiaries for authorization to sell a part of the realty of the trust estate to make assets to pay debts

in order to preserve and protect the bulk of the trust is addressed to the plenary equitable jurisdiction of the court. G. S., 41-11, authorizing sale only for the purposes of reinvestment or improvement applies to suits instituted by those having vested interests in lands and not as in the instant case to a suit by the trustee invoking the equitable jurisdiction of the court over trust estates, in which the trustee is the real petitioner notwithstanding the joinder of the adult beneficiaries.

**2. Trusts § 14—**

Courts of equity have general, inherent, exclusive, supervisory jurisdiction over trusts and the administration thereof. In the exercise of that power they may authorize whatever is necessary to be done to preserve a trust from destruction. The prime consideration is the necessity for the preservation of the estate.

**3. Trusts § 20—**

The trustee filed a petition, in which the adult beneficiaries joined, seeking authorization to sell a part of the realty of the trust estate to pay debts upon allegations that due to its heavy debt load the trust estate was in a precarious financial condition and that such sale would tend to preserve and protect the bulk of the estate. The minor contingent beneficiaries and those not in being were represented by a duly appointed guardian *ad litem. Held:* The order of the court granting the petition upon supporting findings and conclusions made after a full hearing is within its equitable jurisdiction and is upheld.

APPEAL by defendant guardian *ad litem* from *Nimocks, J.,* at August Term, 1946, of PITT.

On 25 October, 1940, Howell P. Rasberry owned large tracts of land in Lenoir, Pitt and Jones Counties. On that date he executed a deed to the corporate plaintiff in which he conveyed said land to the grantee in trust for the uses therein stipulated. The deed included 4,500 acres, of which 2,250 are cleared, in Pitt County. The trust became effective 1 November, 1940, and is to continue during the lives of J. C. and Maggie Rasberry, parents of grantor, and for three years after the date of the death of the survivor. During the period of the trust the trustee is to have full management and control of the estate and is to disburse the profits, if any, as therein directed.

At the time of the termination of the trust the trustee is directed to convey said property in equal shares to the four sons of J. C. and Maggie Rasberry. There are certain provisos and limitations over which create contingent estates in the issue of each of said *cestuis que trustent* and in the heirs of J. C. Rasberry, should all of said sons die without issue before the termination of the trust.

In the summer of 1946 there was a tornado which damaged the buildings on the trust property to the extent of approximately $17,500. In addition thereto the estate has indebtedness in the amount of $130,145.35.

Furthermore, the holdings are too extensive to permit the profitable farming thereof.

The trustee, being of the opinion that a reduction of said debt, the repair of the buildings damaged by the tornado, and the provision of funds with which to operate the estate is necessary for the proper preservation and protection of the trust estate, petitions for an order to make sale of the less desirable parts of said land located in Pitt County to raise funds for said purposes.

All the adult *cestuis que trustent* join in the petition. Interested infants and other contingent beneficiaries are made parties defendant and are represented by a duly appointed guardian *ad litem.*

When the cause came on to be heard in the court below the judge found the facts in detail, including the following:

"10. That all persons having a vested interest in the lands sought to be sold in this action are parties plaintiff, and all other persons, including any and all persons not now in being, and any and all persons under any disability, and any and all persons whose names and residences are not known, who, because of or in any contingency may, to any degree or extent, become interested in the lands involved in and for the sale of which this action is instituted are parties defendant, have been duly served with process, and are in court for all purposes, and this suit is properly constituted and has matured for the rendition of judgment."

"12. That the interests of all the parties require, and will be materially enhanced by, a sale of the tract of land hereinbefore described, for the sale of which this action was instituted, and such sale should be made in the fall of 1946.

"13. That the real estate proposed to be sold is the least desirable to remain in the trust estate of all the real estate owned by the trust, and, therefore, it is more desirable to sell the said real estate than any other held by the trust.

"14. That the interests of all the parties require, and will be materially enhanced by the proceeds from the sale of said lands being paid into and becoming a part of the general trust estate, and particularly so because of the heavy indebtedness of said trust estate as set forth in the complaint, amounting on August 8, 1946, to the sum of One Hundred and Thirty Thousand, One Hundred and Forty-three Dollars and Thirty-five Cents ($130,143.35), which indebtedness, unless reduced, will endanger the safety of the entire trust estate, which, as near as could be ascertained on August 8, 1946, had a net worth of One Hundred and Seventy-nine Thousand, Five Hundred and Seventy-four Dollars and Twenty-seven Cents ($179,574.27). That proceeds from the sale of land is the only available method to reduce the indebtedness of said trust estate except the current income arising therefrom, which is insufficient to

protect the said trust estate. That a great portion of said indebtedness has been existing for more than two years."

It thereupon entered its order authorizing and directing the corporate plaintiff to sell the land designated in the petition at public auction and to report its proceedings to the court for confirmation or rejection of such sale or sales as may be reported. The defendant guardian *ad litem* excepted and appealed.

*John G. Dawson for plaintiffs, appellees.*
*F. E. Wallace for defendants, appellants.*

BARNHILL, J. The appellant concedes that the trust estate, due to its heavy debt load, is in a precarious financial condition and that it would be to the advantage of the *cestuis que trustent* to sell a part of the trust estate to raise funds with which to reduce the indebtedness and thus make the profitable operation of the farm land possible. He admits that the contingent remaindermen are interested in all other lands held in trust in the same way and to the same extent as they are interested in the land proposed to be sold; hence, the application of the proceeds of the property sale to the payment of debts would tend to preserve and protect the bulk of the estate and thus inure to the benefit of the contingent remaindermen as well as the other beneficial owners. Even so, he contends the authority of the court to order the sale of land so as to convey the interest of contingent remaindermen and bar any future claim on their part is limited to sales for reinvestment and improvement. In support of his position he cites and relies on G. S., 41-11.

Were sale sought by those who have a vested interest in land with contingent remainders over to persons who are not in being, this position would be sound. But such is not the case here. While the adult *cestuis que trustent* join as plaintiffs the corporate plaintiff, trustee, is the real petitioner. It is seeking a sale to raise funds for the preservation and protection of the trust estate.

G. S., 41-11, is an enabling statute authorizing those who have a vested interest in land with contingent remainders over to persons not in being to petition for and procure the sale thereof for reinvestment. It does not limit the power of the court to supervise the administration of trust estates and to enter such orders and decrees in respect thereto as circumstances may require. Hence, on this record, it is not controlling.

Courts of equity have general, inherent, exclusive, supervisory jurisdiction over trusts and the administration thereof. In the exercise of that power they may authorize whatever is necessary to be done to preserve a trust from destruction. The prime consideration is the necessity for the preservation of the estate. *Cutter v. Trust Co.,* 213 N. C., 686, 197 S. E., 542; *Johnson v. Wagner,* 219 N. C., 235, 13 S. E. (2d), 419;

*Duffy v. Duffy,* 221 N. C., 521, 20 S. E. (2d), 835; *Bond v. Tarboro,* 217 N. C., 289, 7 S. E. (2d), 617; *Penick v. Bank,* 218 N. C., 686, 12 S. E. (2d), 253; 21 C. J., 116; 19 Am. Jur., 152, *et seq.;* 54 Am. Jur., 224; *Re Stack,* 97 A. L. R., 316; Anno. 97 A. L. R., 325.

Equity may and will give relief against the provisions of the trust instrument to save the beneficiaries from want or to prevent the loss of the estate, arising from exigencies not contemplated by the party creating the trust, which, had they been anticipated would undoubtedly have been provided for. The court may in cases of emergency, for the preservation of the trust estate and the protection of the *cestuis,* authorize and direct the trustee to do acts which under the terms of the trust agreement and under ordinary circumstances they would have no power to do. 54 Am. Jur., 227. "To protect the rights of the beneficiaries or *cestui que trust* the court of equity will administer whatever relief may be appropriate." 19 Am. Jur., 154.

This inherent authority vested in a court of equity, in our opinion, unquestionably includes the power to direct the sale of a part of the estate whenever it is made to appear that it is necessary to do so in order to preserve and safeguard the remainder for the benefit of the *cestuis.*

The court below, after a full hearing, concluded that the proposed sale should be had; that the funds to be raised thereby are needed to preserve the estate from destruction; and that the sale would serve the best interests of all parties concerned. His conclusion is fully supported by the record. Hence the judgment below is

Affirmed.