THE MOSES H. CONE MEMORIAL HOSPITAL v. BERNARD M. CONE, ETTA CONE, HERMAN CONE, BENJAMIN CONE, CAESAR CONE, II, EDWARD T. CONE, MRS. EDNA LONG LIGHTENFELS, MRS. DORO- THY LONG BERNEY, CLARENCE N. CONE, II, MRS. ISABEL C. LEVY, SYDNEY M. CONE, JR., MAXWELL CONE, JAMIE CARROLL CONE AND ALAN FRANK CONE, INFANTS ; MRS. MARIAN J. GLASS, MOUNT PLEASANT, INC., THE NATIONAL JEWISH HOSPITAL FOR CON- SUMPTIVES, AND HARRY McMULLAN, ATTORNEY-GENERAL OF THE STATE OF NORTH CAROLINA.

(Filed 14 December, 1949.)

**1. Trusts § 20b—**

A court of equity has inherent power to authorize to be done whatever is necessary to preserve a trust and to accomplish its objective.

**2. Same—**

When condemnation of right of way for a Federal scenic highway through lands held in trust for a public memorial park is imminent, a court of equity has authority to empower the trustee to convey the park land to the United States Government upon its agreement to develop and maintain the property under the name designated in the trust and in substantial accord with all the terms and conditions thereof, with minor modifications incidental to the establishment of a scenic highway through the park, with further provision for reverter to the trustee upon failure of such use, such conveyance being necessary under the circumstances for the preservation of the trust and the accomplishment of its objective.

**3. Trusts § 9a—**

Where a trust indenture is to a trustee, its successors and assigns, the indenture contemplates the possible appointment of a substitute trustee by conveyance, and the trustee has the power to convey the property to another for the administration of the trust upon the conditions set forth in the indenture when necessary for the preservation of the trust and the accomplishment of its objective.

APPEALS by plaintiff and defendant guardian *ad litem* from *Phillips, J.,* August Term 1949, GUILFORD.

Civil action instituted under the declaratory judgment act.

The plaintiff is the trustee under three interrelated indentures of trust and in that capacity requests construction of these three trust indentures and a declaration of its rights and obligations as trustee thereunder, particularly in respect to its right to convey subject to the conditions of the trust. The defendants comprise all persons and corporations having any vested or contingent interest in the property or the trust.

In May 1911, Bertha L. Cone executed and delivered to the plaintiff, a domestic charitable corporation, three indentures herein referred to as Indentures A, B, and C.

Under Indenture A, said grantor, widow of Moses H. Cone, conveyed to the plaintiff, in trust, a tract of land located in Watauga County. The conveyance was in fee and provides that the plaintiff herein, as trustee, shall hold the property upon certain express conditions which may be summarized as follows:

(1) Plaintiff shall lay off a plot of land surrounding the grave of Moses H. Cone located on said property as a burial ground for said deceased and the grantor and shall perpetually maintain this burial ground with the right of ingress and egress for the friends and relatives of the grantor and her deceased husband.

(2) All the property except the burial ground so laid off shall be maintained as a public park for the free use and enjoyment of all persons who may desire to resort thereto, to be known as the Moses H. Cone Memorial Park.

(3) The plaintiff shall expend in maintaining said park and burial ground and in keeping open and maintaining the several roads, drives, and ways as they then existed on the land the sum of $10,000 per annum.

It is further provided that should the plaintiff, or its successors or assigns, violate any of the conditions of this indenture, the land conveyed shall be forfeited by the plaintiff and shall revert to the heirs of Moses H. Cone, deceased.

Under Indenture B, Bertha L. Cone conveyed to plaintiff, in trust, a tract of land located in Guilford County, N. C., as a site for a hospital and made certain stipulations for the use of the property.

Under Indenture C, the same grantor conveyed to the plaintiff, in trust, certain income-producing property as a fund for the implementation of the trusts created under Indentures A and B and to provide the necessary funds therefor. This indenture provides that if plaintiff shall fail, substantially and in good faith, to comply with all the conditions, limitations, and reservations contained in Indentures A, B, and C, such failure shall work a forfeiture and the property conveyed shall revert to the two charitable organizations therein named.

The United States of America, acting through the National Park Service, is now developing the Blue Ridge Parkway, a scenic highway linking the Shenandoah National Park with the Great Smoky Mountains National Park. The proposed route of this highway traverses and approximately bisects the lands in Watauga County dedicated under Indenture A as a public park to be known as the Moses H. Cone Memorial Park. The State of North Carolina is under contract to provide, either by purchase or condemnation, the right of way and other lands necessary for the construction of that portion of said scenic highway lying within this State. It will be necessary, therefore, unless other arrangements are made, for the State of North Carolina to condemn a substantial part of

said park and the right of way thus appropriated will bisect the park land. The condemnation and appropriation of this land to the use of said parkway will render it practically impossible for the plaintiff to maintain said parkway, the roads, drives, and paths therein, in the manner contemplated by the trust agreement.

To overcome this difficulty the United States Government, through the National Park Service, has agreed that upon the conveyance of said park land to it, the United States will construct the scenic highway upon the proposed right of way across the park property and develop and maintain all of the remaining parts of the park property as a national park under the name designated in said trust indenture and in substantial accord with all of the terms and conditions set forth in Indenture A. It likewise agrees to do substantial repair and restoration work upon the park property so as to meet the recreational needs of the area.

Pursuant to this agreement plaintiff has executed and delivered to the National Park Service a deed, referred to as Indenture D, in compliance with said agreement. Under this deed, the United States Government assumes the maintenance of the Moses H. Cone Memorial Park, as such, and agrees to comply with the conditions of the trust and to make the proposed repairs and restorations. The indenture provides for some slight changes in the conditions in respect to the roads, drives, and paths, and, of course, dedicates the highway right of way to use as a part of the scenic highway. It is expressly provided in the deed that a failure of the grantee to comply with the stipulations and conditions therein and as contained in Indenture A "shall work a forfeiture of the estate hereby conveyed, and the property hereby conveyed shall immediately thereupon revert to the MOSES H. CONE MEMORIAL HOSPITAL, without the necessity for exercise of a right of entry . . . and provided further that the portion of the property hereby conveyed embraced in the said right-of-way shall also thereafter revert to the MOSES H. CONE MEMORIAL HOSPITAL if and whenever the said strip of land shall cease to be used by the UNITED STATES OF AMERICA as a motor-road."

When the cause came on to be heard in the court below, the court, after finding the facts, concluded: (1) that all persons who are "the heirs of Moses H. Cone, deceased," as that group would be constituted at the present time, are parties defendant in this action and properly before and subject to the jurisdiction of the court; (2) that the interests attempted to be created in "the heirs of Moses H. Cone, deceased," under Indenture A are void in their inception under the rule against perpetuities; (3) that the plaintiff, therefore, has an absolute and indefeasible fee title as trustee to the Moses H. Cone Memorial Park property and that the plaintiff shall in no event forfeit the said property; and (4) that the plaintiff is empowered and authorized under the terms of its charter and of its three

controlling trust indentures (Indentures A, B, and C) to make Indenture D effective, and that said Indenture D (the proposed conveyance) shall become effective in accordance with its own terms and conditions.

It thereupon adjudged that the plaintiff is fully authorized and empowered to execute the proposed conveyance to the United States of America on the conditions and stipulations therein contained and to contribute $10,000 per year to be expended exclusively for the maintenance or construction of said memorial park and that said conveyance in no way constitutes a violation or breach of the terms and conditions of Indenture A. It was further adjudged that said conveyance "shall become effective in accordance with its own terms and conditions." The plaintiff, at the suggestion of the court, appealed. The defendant guardian *ad litem* also appealed.

*Falk, Carruthers & Roth for plaintiff appellant.*

*Sidney J. Stern, Jr., guardian ad litem.*

*Harry McMullan, Attorney-General of North Carolina.*

*R. Brookes Peters, general counsel, State Highway & Public Works Commission.*

BARNHILL, J.  The right of the State of North Carolina to condemn a right of way across the memorial park property for use by the National Park Service for maintaining a scenic highway is unquestioned. Should the plaintiff sit idly by and suffer this to be done without any effort to preserve the trust, the maintenance by it of the land described in Indenture A as a memorial park would be seriously endangered. The dominant right of the government would so impede the plaintiff that it would find it extremely difficult, if not impossible, to comply, substantially and in good faith, with the conditions of the trust indenture so as to accomplish its prime objective. Seeking to avoid this result and prevent the defeat of the trust objective, it procured from the National Park Service, an agency of the United States Government, the agreement which is set forth in the proposed conveyance. This agreement, in the form of a deed of conveyance, assures the continued maintenance of the property as a memorial park for the use of the public in substantial compliance with the terms of the trust indenture and in a manner equal, if not superior, to that which would be possible by the trustee. Thus the objective of the trust is preserved and its accomplishment is assured.

That a court of equity, under the circumstances herein disclosed, has the power to authorize and direct the proposed conveyance, the very purpose of which is the preservation of the trust itself, cannot be successfully challenged. *Cutter v. Trust Co.,* 213 N.C. 686, 197 S.E. 542;

*Penick v. Bank,* 218 N.C. 686, 12 S.E. 2d 253; *Redwine v. Clodfelter,* 226 N.C. 366, 38 S.E. 2d 203.

"Courts of equity have general, inherent, exclusive supervisory jurisdiction over trusts and the administration thereof. In the exercise of that power they may authorize whatever is necessary to be done to preserve a trust from destruction. The prime consideration is the necessity for the preservation of the estate." *Trust Co. v. Rasberry,* 226 N.C. 586, 39 S.E. 2d 601, and cases cited.

Furthermore, Indenture A is to the plaintiff, its successors and assigns, in fee simple, upon the trusts and conditions therein set forth, to be forfeited only upon a breach of the stipulated conditions. The trust is to be executed by the grantee, its successors or assigns. Thus, it is apparent the grantor contemplated the possible appointment of a substitute trustee by conveyance. In any event, the grantee is, under the terms of the conveyance, vested with that authority.

In the final analysis the proposed conveyance, referred to as Indenture D, constitutes an appointment of a substitute trustee for administrative purposes and a conveyance of the property to the substitute trustee to that end. The property is to be held by the United States Government under the conditions set forth in the original trust agreement and is to effectuate the trust. If it fails so to do, the property reverts as originally provided. The dedication of the scenic highway right of way and the minor modifications of the conditions in Indenture A are essential for the preservation of the trust.

The interest of those who may eventually take under the reverter clause is remote and of infinitesimal value. Such rights as they may have are preserved in the proposed conveyance. Hence, whether the limitation over to the heirs of Moses H. Cone upon forfeiture of the estate by the trustee is violative of the rule against perpetuities is wholly immaterial here. Therefore, it must not be understood that we either approve or disapprove that conclusion of the court below. We will cross that bridge when and if we ever come to it.

The grantee in the proposed conveyance takes a fee subject to be defeated only upon breach of the conditions therein set out. It is so stipulated in the instrument and the stipulation is valid and binding.

The Attorney-General, as the representative of the public at large, was made party defendant and filed his answer. In his brief here he assures this Court that in his opinion "the determination made by the Court is in the public interest and will best preserve for future generations the public charity in a manner that will best serve the whole people of the State and effectuate the principal intent of the donor." In that conclusion we concur. Therefore, the judgment entered is

Affirmed.