HOMER W. BROOKS, J. D. RAY, W. T. DUCKWORTH, W. PERRY CROUCH, W. B. ARCHER, E. E. WHEELER, EDGAR J. DUCKWORTH, AND JAMES L. WAGNER, AS TRUSTEES OF THE HAYWOOD STREET BAPTIST CHURCH, v. W. T. DUCKWORTH, J. D. RAY, EDGAR J. DUCKWORTH AND JAMES L. WAGNER, AS TRUSTEES OF THE ESTATE OF OLIVER D. REVELL.

(Filed 28 November, 1951.)

**Trusts § 27—**

A court of equity has jurisdiction to authorize trustees of a charitable trust to sell the property devised and reinvest the proceeds in other property when necessary to accomplish the purpose of the trust, which otherwise would be defeated because of changed conditions not contemplated by trustor, and this notwithstanding provision in the trust forbidding the trustees to mortgage or sell the property.

APPEAL by defendants from *Nettles, J.,* 13 October, 1951, BUNCOMBE. Affirmed.

This was a suit under the Declaratory Judgment Act to construe a provision in the will of Oliver D. Revell, deceased, and to determine the power of the trustees named in his will to convey property devised in trust for a charitable purpose. All the material facts are admitted and the only question is the power of a court of equity to authorize the trustees to make the conveyance of the described property for the reasons set out in the complaint and admitted in the answer.

In the twenty-eighth item of his will Oliver D. Revell devised to the Board of Trustees of Haywood Street Baptist Mission certain real property therein described "to be used as a Baptist Mission, for the purpose of holding religious meetings on week-days and Sundays as the trustees may determine, and is to be established in memory of O. D. Revell and his wife Caroline E. Revell." No funds were allocated for the erection of a suitable building on the described property, but the trustees were authorized to solicit funds for this purpose.

The real property described is a vacant lot in the City of Asheville located immediately adjacent to the Battery Park Hotel and in immediate vicinity of Asheville City Auditorium and George Vanderbilt Hotel. It has a frontage of 22 feet and a depth of 30 feet. Because of its location and size it cannot be used advantageously as a site for a mission church. The plaintiffs trustees do not have nor have they been able to secure funds for the purpose of erecting a suitable building on this lot.

The plaintiffs trustees have entered into an agreement to sell this lot to the defendants for $5,000, which is the reasonable market value thereof. Relying upon this agreement plaintiffs have agreed to purchase a house and lot on Liberty Street in Asheville at a location suitable for the establishment and operation of a mission church and have secured an agree-

ment with the First Baptist Church of Asheville that if plaintiffs establish a mission church at the Liberty Street location the First Baptist Church would contribute $1,500 to the purchase price and would furnish without cost to plaintiffs trustees an experienced minister to conduct religious services and render other necessary spiritual and financial aid in connection with the establishment and operation of a mission church, the mission church to be operated under the name of "The O. D. Revell and Caroline E. Revell Baptist Memorial Mission." In compliance with this agreement the First Baptist Church has paid the $1,500, and religious meetings on week-days and Sundays are now being conducted in the building on Liberty Street, and a Baptist Mission in memory of O. D. Revell and his wife is there being operated and maintained. It is also admitted that if the sale of the lot on Haywood Street and the purchase of the house and lot on Liberty Street are not consummated, the lot devised will remain vacant and plaintiffs will not be able to perform the duties imposed upon them by item twenty-eight of the will of O. D. Revell.

The defendants have refused to accept deed for the lot on Haywood Street for the sole reason that the devise of the lot on Haywood Street is coupled with the direction, "said Board of Trustees cannot mortgage or dispose of said property." The plaintiffs are the trustees named in the will as constituting the Board of Trustees of Haywood Street Baptist Mission. The defendants are the trustees of the estate of O. D. Revell. The will bore date of December 1934.

The court being of opinion that on account of changed conditions and exigencies which have arisen not contemplated by the testator the trust set up in item twenty-eight of the will would fail and its usefulness be impaired, entered decree authorizing and empowering the plaintiffs trustees to convey the lot devised and to use the proceeds for the purchase of the property on Liberty Street for the purposes set out in the complaint.

Defendants excepted and appealed.

*J. Marvin Glance for plaintiffs, appellees.*
*Sale, Pennell & Pennell for defendants, appellants.*

DEVIN, C. J. By the express language of paragraph 28 of the will of Oliver D. Revell creating a charitable trust under the name of "Haywood Street Baptist Mission" and devising real property in Asheville to be used in connection therewith, the trustees were prohibited from mortgaging or disposing of the property. This provision clearly limited the right of the trustees in relation thereto, but would not prevent a court of equity from using its power, in a proper case, to modify the terms of the trust

to the extent necessary to prevent the failure of the trust and to effectuate the primary purpose of the trustor. *Henshaw v. Flenniken,* 183 Tenn. 232, 168 A.L.R. 1010, 1022 note.

Where changes in conditions not contemplated by the trustor have rendered impossible the accomplishment of the charitable purposes intended by the devise of property in trust, the equitable jurisdiction of the court may be invoked to modify the terms of the trust in order to give effect to the general intent expressed in the will. The substantial intention should not be defeated by the insufficiency of the form in which expressed. The principle is firmly established in equity jurisprudence that courts of equity have general and inherent jurisdiction, as incident to the administration of charitable trusts, to authorize in proper cases the alienation of property though devised in trust. *Keith v. Scales,* 124 N.C. 497, 32 S.E. 809; *Holton v. Elliott,* 193 N.C. 708, 138 S.E. 3; *Johnson v. Wagner,* 219 N.C. 235, 13 S.E. 2d 419; *Trust Co. v. Rasberry,* 226 N.C. 586, 39 S.E. 2d 601; *Hospital v. Comrs.,* 231 N.C. 604, 58 S.E. 2d 696; 2 Bogert on Trusts, sec. 392; 3 Scott on Trusts, sec. 381; 14 C.J.S. 505. "Courts of equity have long exercised jurisdiction to sell property devised for charitable uses, where, on account of changed conditions, the charity would fail or its usefulness would be materially impaired without a sale." *Church v. Ange,* 161 N.C. 314, 77 S.E. 239. But the equally well established principle of equity must not be overlooked that the power to modify the terms of a trust when necessary to preserve it should not be exercised to destroy the trust or defeat the purpose of the donor. *Cutter v. Trust Co.,* 213 N.C. 686, 197 S.E. 542; *Penick v. Bank,* 218 N.C. 686, 12 S.E. 2d 253; *Duffy v. Duffy,* 221 N.C. 521, 20 S.E. 2d 835; *Redwine v. Clodfelter,* 226 N.C. 366, 38 S.E. 2d 203.

It will be noted that in *Johnson v. Wagner, supra,* we considered a trust set up by the same testator Oliver D. Revell in paragraph 27 of his will, and for the reasons therein set forth held that the trustees were properly authorized to sell the real property described in that paragraph and to use the proceeds in carrying out the general purposes of the trust under the supervision of the court.

For the reasons stated, we conclude that the court below has correctly ruled, and that the decree authorizing the conveyance of the described lot and the purchase of the property on Liberty Street for the purpose of effectuating the intent of the trustor should be in all respects

Affirmed.