W. C. TISE v. MRS. JENNIE PALMER HICKS ET AL.

(Filed 21 April, 1926.)

**1. Descent and Distribution—Contracts—Consideration—Estates.**

　　The settlement of the estate of a deceased father by his children as heirs at law, upon written agreement as to their respective shares, and allowing to one of them moneys advanced to his father during the latter's lifetime, is upon a sufficient legal consideration, and in the absence of fraud, is enforceable in our courts.

**2. Same—Principal and Agent—Acceptance of Benefits.**

　　Where one of the heirs at law of a deceased person has not signed a written agreement purporting to be a settlement of the estate, and afterwards accepts from an agent appointed therein her proportionate part of the proceeds of the sale of certain lands therein provided for, with full knowledge of the facts, she is thereby bound by its terms.

**3. Married Women—Contracts—Descent and Distribution—Executors and Administrators—Personalty—Deeds and Conveyances—Signature of Husband.**

　　Where the agent has bargained to sell certain lands of the deceased under contract of settlement made between the heirs at law, as affecting their distributive shares, and thereafter the administrator by order of court has sold the lands to make assets, all the heirs at law being parties to the proceedings, it is not required that the husbands of such heirs

39—191

at law who were married should have signed the contract formerly made, in order to its valid enforcement, the proceeds for distribution being regarded as personalty and subject to the wife's executory contract made valid by our statute.  C. S., 2507.

APPEAL by defendants from order of *Finley, J.,* at September Term, 1925, of FORSYTH.  Affirmed.

This action was commenced in Forsyth County Court on 22 March, 1923.  From judgment of nonsuit, rendered therein at close of plaintiff's evidence, plaintiff appealed to the Superior Court of said county, assigning said judgment as error.  Upon the hearing of this appeal, the judge presiding, being of opinion that there was error in rendering said judgment, ordered that the action be remanded to Forsyth County Court for new trial.  From this order defendants appealed to the Supreme Court.

*Parish & Deal for plaintiff.*
*W. H. Beckerdite, Benbow, Hall & Benbow for defendants.*

CONNOR, J.  The sole question presented by this appeal, is whether there was error in allowing defendant's motion for judgment as of nonsuit, at the close of plaintiff's evidence, on the trial in Forsyth County Court.  This evidence tended to show the facts to be as follows:

W. R. Tise died on 1 May, 1913, intestate, leaving, as his heirs at law five children, plaintiff and defendants.  At the date of his death he was seized in fee and in possession of a house and lot on Patterson Avenue, in the city of Winston-Salem.  On 30 March, 1918, defendants, Mrs. R. B. Brewer, Mrs. Ellen Sanders, and R. F. Tise, signed a paper-writing, in form an agreement with plaintiff, in which it is recited that the heirs at law desire to close the estate of their deceased father without the expense of an administration.  Defendants therein appointed and designated plaintiff as agent to sell and dispose of said house and lot to the best advantage.  They agree therein "that in consideration and by reason of advancements made to our father and mother during their life by W. C. Tise, to the amount of $2,076.96, which is not disputed by us as parties of the first part, and in consideration of $25.00 to each of us paid, the receipt of which is hereby acknowledged, upon the sale of said property, and when the funds are collected for same, W. C. Tise, party of the second part, shall deduct from the funds in hand the amount of $2,076.96, and the remainder, if any, of the funds thus received from said estate, after deducting the amount above, shall be divided equally among the heirs at law."

At the date of this agreement, both Mrs. Brewer and Mrs. Sanders were married; neither of their husbands signed the agreement.  Mrs.

Hicks, who was then a widow, did not sign said paper, although her name is included therein as one of the parties of the first part. Two days thereafter she signed a paper in words as follows:

"Received of W. C. Tise twenty-five (25) dollars in full of my part in the house on Patterson Avenue."

Her signature on said paper was witnessed by defendant, R. F. Tise. Plaintiff paid to each of defendants, heirs at law, by check, which was subsequently collected by each, the sum of $25.00. Two or three days after these papers were signed, and after these payments were made, defendants notified plaintiff that they would not execute deed for said house and lot. Plaintiff made no effort thereafter as agent to sell or dispose of said house and lot. He has collected rents for said house, since the signing of the papers, and has paid taxes and repairs on same. He offers to account for the difference, to be applied as a credit upon his claim for advancements made by him to his father and mother.

On 31 January, 1920, defendant, W. V. Hartman, was appointed as administrator of W. R. Tise, deceased. It is admitted that, having duly qualified as such administrator, he has sold said house and lot, under an order made in a special proceeding to which the heirs at law were parties, to make assets. He now has in hand, as proceeds of said sale, the sum of $2,631 for distribution.

There was no evidence of any debts or claims against the estate of W. R. Tise; or of any claims against said fund, except those of the parties to this action. Plaintiff demands judgment that the administrator pay to him the amount advanced to his father and mother, in accordance with the agreement of the heirs at law, and that the balance be equally divided among them. He contends that he is entitled to receive two-fifths of said balance—one-fifth as heir at law, and one-fifth as assignee of Mrs. Palmer (now Hicks).

There was no allegation or contention that the signatures of defendants, brothers and sisters of plaintiff, to the paper-writings offered in evidence, were procured by fraud, or misrepresentation, or that there was any mistake of the parties or of the draftsman, with respect to said papers. Defendants offered no evidence tending to contradict the admission in the agreement that plaintiff made the advancements to their father and mother to the amount as stated therein. Their assignment of error is based solely upon their contention that their agreement, in writing, signed by them, five years after the death of their father, is not legally sufficient to entitle plaintiff to the relief which he seeks by this action.

Plaintiff does not contend that defendants, by the agreement, conveyed, or contracted to convey to him, their respective interests in the house and lot, which their father owned at his death; he does not seek

to recover damages for breach of contract to convey, nor is he asking for a decree of specific performance. He neither alleges nor offers to prove an indebtedness of his father to him for money loaned, upon either an express or an implied contract. He seeks to enforce a contract in the nature of a family settlement, made by brothers and sisters, each of whom was of full age at the time it was made, in recognition not of strict legal liabilities, perhaps, but of obligations arising out of facts known to each of them as members of a family.

The cases cited to sustain propositions of law discussed in defendants' brief show, we think, a misconception of plaintiff's cause of action. The receipt signed by Mrs. Palmer (now Hicks) is not a deed; it does not purport to be a deed, or a contract for the conveyance of her interest in the lot. It was signed by her in contemplation of a sale of the house and lot for the settlement of her father's estate. Whether the effect of her receipt is to assign to plaintiff all her interest in the proceeds of the sale, or whether the receipt should be construed only as making her a party to the agreement signed by her sisters and brother, R. F. Tise, and which it was contemplated that she should also sign, does not now appear. This may be determined upon the trial, which must be had in accordance with the order remanding the action to Forsyth County Court.

The validity of the agreement, as to Mrs. Brewer and Mrs. Sanders, is not affected by the fact that each was a married woman at the time she signed the paper-writing, or by the further fact that her husband did not assent thereto in writing. The paper-writing is not a conveyance of real estate by these defendants, requiring for its validity the assent in writing of their husbands, but is a contract by which each defendant deals with her property so as to affect same as she is authorized to do by C. S., 2507. The agreement as to the division and distribution of the proceeds of the sale of the house and lot, made upon a valuable consideration, is predicated upon a conveyance to be made thereafter by the heirs at law, upon a sale to be made by plaintiff as their agent. These defendants could not have made this conveyance without the assent in writing of their husbands, and without the privy examination required by law. The lot was sold, not indeed by plaintiff, as agent, but by the administrator, who was thereto lawfully authorized by the court; it was conveyed, not by the heirs at law, but by the administrator, upon confirmation of the sale by the court. All the heirs at law were parties to the proceeding by which the lot was sold. The proceeds of the sale are now in the hands of defendant administrator to be distributed and paid to the parties according to their respective interests. The interest of each of these parties, including the married women, is subject to his or her contract. The effect of the Martin Act,

ch. 109, Laws 1911, C. S., 2507, is to take married women out of the classification which the law recognized, prior to its enactment, and to make them, with respect to capacity to contract, *sui juris*. *Dorsey v. Corbett,* 190 N. C., 783; *Satterwhite v. Gallagher,* 173 N. C., 525; *Thrash v. Ould,* 172 N. C., 728; *Warren v. Dail,* 170 N. C., 406; *Royall v. Southerland,* 168 N. C., 405; *Lipinsky v. Revell,* 167 N. C., 508. The interests of the defendants in the funds derived from the sale of the house and lot were subject to their contracts, notwithstanding the fact that they were married and the further fact that their husbands did not assent in writing to such contracts.

The agreement offered in evidence, made and entered into by defendants, upon a valuable consideration received by each of them from plaintiff, is sufficient, nothing else appearing, to support an action by plaintiff for its enforcement against defendants, parties thereto, as a family settlement. The revocation by defendants of their appointment of plaintiff as their agent to sell and dispose of the house and lot to the best advantage, does not affect the validity of the agreement with respect to the distribution among them of the fund arising from the sale, made by the administrator. This agreement was founded upon a valuable consideration, which defendants have retained, and which is separate and distinct from that which induced them to appoint plaintiff as agent.

Family settlements, such as that made by these brothers and sisters, when fairly made, and when they do not prejudice the rights of creditors, are favorites of the law. They are made by members of a family, after the death of the father or mother, when the ties of family affection are strong and sacred, and before they are weakened by separation of brothers and sisters, which is inevitable. They are made in recognition of facts and circumstances known, often, only to those who have lived in the sacred family circle, and which a just family pride would not expose to those who neither understand nor appreciate them. They proceed from a desire on the part of all who participate in them to adjust property rights, not upon strict legal principles, however just, but upon such terms as will prevent possible family dissensions, and will tend to strengthen the ties of family affection. The law ought to, and does respect such settlements; it does not require that they shall be made in accord with strict rules of law; nor will they be set aside because of objections based upon mere technicalities. *Judge Gaston,* speaking of an agreement similar to that involved in this action, says, in *Bailey v. Wilson,* 21 N. C., 182, "The agreement was confessedly entered into for the purpose of quieting disputes between the children of the same father, in relation to the disposition of his property; it is apparently equal; it is not denied to be fair, and was deliberately as-

sented to as a proper and just family arrangement. Such arrangements are upheld by considerations affecting the interest of all parties, often far more weighty than any considerations simply pecuniary." 11 R. C. L., 29, sec. 15; 18 C. J., 891, sec. 159; *Moore v. Gregory* (Va.), 131 S. E., 692.

The judgment of the Superior Court, sustaining the assignment of error upon appeal from the county court, and remanding the action for a new trial, is

Affirmed.