IN RE WILL OF W. D. MCLELLAND.

(Filed 21 November, 1934.)

**1. Executors and Administrators F e—**
	Family settlements of estates are commended by the law.

**2. Appeal and Error K b—**
	In this case proceedings after the consent judgment of the parties for the distribution of the estate in question being unauthorized, or irregular, all proceedings after the entry of the consent judgment are stricken out and the case remanded for adjustment of the rights of the parties in accordance with law.

APPEAL by "heirs at law of W. D. McLelland" from *Harding, J.,* at June Special Term, 1934, of IREDELL.

Nondescript proceeding, started by a caveat to the will of W. D. McLelland, late of Iredell County, which resulted in a consent judgment, all the parties agreeing that the will should be declared valid and probated in solemn form; that three commissioners should be selected by the parties, or appointed by the clerk, to divide the real estate of the testator, etc.

Pursuant to this consent judgment, the clerk appointed three commissioners and specifically directed them how to divide the lands, including the "joint lands belonging to the estate of W. D. and H. A. McLelland." This went beyond the terms of the consent judgment.

Upon the coming in of the report of the commissioners, "the heirs at law of W. D. McLelland" filed exceptions thereto, and Carrie Elliott McLelland, widow and residuary legatee, filed answer to said exceptions. In this state of the record the matter came on for hearing at the June Special Term, 1934, of Iredell Superior Court, "and the court also being asked to construe the will of the late H. A. McLelland, which is made a part of this record, after hearing evidence, affidavits presented, and argument of counsel," a judgment was entered "on the whole record" and ordered spread on the special proceedings docket, from which the "heirs at law of W. D. McLelland" appeal, assigning errors.

*John M. Robinson, John G. Lewis, and Buren Jurney for appellants.*
*Jack Joyner and Burke & Burke for appellee.*

STACY, C. J. Neither the will of W. D. McLelland nor the caveat filed thereto is in the record. Hence, we are not advised as to what interest, if any, his "heirs at law" have in the subject-matter of the proceeding. The "case" apparently proceeded on the assumption that the rights of the parties were settled by the consent judgment, but the order of the clerk, provided for therein, went beyond the terms of the consent judgment, and thereafter the will of H. A. McLelland, brother of W. D. McLelland, was introduced into the record, together with other matters.

Family settlements are to be commended (*Tise v. Hicks,* 191 N. C., 609, 132 S. E., 560), and much is permitted to be done by consent of the parties, but it is a little unusual for an issue of *devisavit vel non,* raised by a caveat to one will, to end with the construction of another, and all without pleadings, or chart or compass, by which the court may be guided. It is not stipulated in the consent judgment that exceptions may be filed to the report of the commissioners, nor does it contain any description of the lands sought to be divided.

In the interest of a fair determination of the rights of the parties, it would seem that everything done subsequent to the entry of the consent judgment should be stricken out as unauthorized, and the parties allowed to proceed in some regular way to have their rights adjusted.

Error and remanded.