This is a civil action instituted by the Executor and Trustee of the last Will and Testament of A. E. Hendley, deceased, for instructions as to how the estate shall be administered.
All parties waived a jury trial and agreed that the trial Judge might hear the evidence, find the facts and render judgment thereon.
The facts pertinent to this appeal are as follows:
1. On 16 August, 1943, the testator executed a last Will and Testament prepared at his request by his attorney, in which he appointed the plaintiff herein Executor and Trustee. In this instrument the testator makes certain bequests and devises and creates certain trusts and authorizes his Executor and Trustee, in its discretion to carry on any business in which he might be engaged or financially interested in at the time of his death. In addition to the general powers of executors and trustees, the testator gave additional powers to his Executor and Trustee relative to the management of his estate. However, he did not expressly authorize it to sell any of his real estate.
2. Thereafter the testator attempted, without advice, counsel or assistance, to write certain purported codicils to his Will, which apparently were intended to explain and clarify certain provisions in his Will, but which in fact tended to confuse and contradict the provisions of the Will. The testator died 12 March, 1947, and his last Will and Testament, with the purported codicils, were probated in the office of the Clerk of the *Page 433 
Superior Court of Anson County, and the Bank of Wadesboro qualified and is now acting as Executor and Trustee as provided therein. The attorneys for the parties interested in the estate of A. E. Hendley, living and unborn, and the respective guardians ad litem who are parties to this action, agreed that it is for the best interest of all the beneficiaries of the estate of the late A. E. Hendley that there be a "family settlement," in so far as may be possible, of all matters pertaining to the proper administration of the estate and the establishment of the several trusts attempted to be created by the testator.
3. A family settlement was agreed upon and embodied in the judgment entered below. This agreement recognizes the validity of the original Will of the testator only, and provides for its terms and conditions to be carried out by the Executor and Trustee in the manner set forth in the judgment, which, among other things, provides for the sale of the farm lands, the court having found as a fact, after hearing the evidence, that these farms cannot be operated profitably by the Trustee. The judgment therefore provides that the proceeds from the sale of the farms now held in trust by the Trustee, shall be held in lien of such lands and the subject to the trust provisions of the Will. The proceeds from the sale of other farm lands not held as a part of any special trust, to be subject to the general provisions of the Will.
4. The judgment below was entered by consent and as evidence of such consent, it was signed by all interested parties not under disability and by their attorneys of record, and by the respective guardians ad litem of the unborn children of such beneficiaries and for the minor defendants.
The plaintiff excepts to the signing of the judgment and appeals, assigning error.
The appellant excepts to the signing of the judgment below, and challenges the power of the court to order the sale of farm lands left in trust under a Will for the ultimate benefit of minors, even though the farms cannot be operated profitably.
The judgment below simply approves and orders compliance with a family settlement. The settlement not only appears to have been fairly *Page 434 
made, but doubtless will aid materially in the preservation of the Hendley estate. Such agreements are looked upon with favor by the courts.
We said in Fish v. Hanson, 223 N.C. 143, 25 S.E., (2) 461: "Family agreements looking to the advantageous settlement of estates or to the adjustment of family differences, disputes or controversies, when approved by the court, are valid and binding. They are bottomed on a sound public policy which seeks to preserve estates and to promote and encourage family accord. Spencer v. McCleneghan, 202 N.C. 662, 163 S.E. 753; In re Estateof Wright, 204 N.C. 465, 168 S.E. 664; Reynolds v. Reynolds, 208 N.C. 578,182 S.E. 341; Bohannon v. Trotman, 214 N.C. 706, 200 S.E. 852;Schouler, Wills, Executors and Administrators (6d), sec. 3103." See alsoRedwine v. Clodfelter, 226 N.C. 366, 38 S.E.2d 203; In re Reynolds,206 N.C. 276, 173 S.E. 789; and Tise v. Hicks, 191 N.C. 609,132 S.E. 560.
The judgment of the court below is
Affirmed.