LENOIR RHYNE COLLEGE, SAM T. THORNE, WILLIAM D. LYERLY,
    AND  MYRTICE  C.  LOCHMANN  v.  ELEANOR  GALLOWAY
    THORNE, GUARDIAN AD LITEM FOR NANCY BETH THORNE,
    MINOR, AND FIRST UNION NATIONAL BANK OF NORTH
    CAROLINA, EXECUTOR OF THE WILL AND ESTATE OF
    HELEN L. RIEGEL, DECEASED

No. 7126SC689

(Filed 15 December 1971)

1. Appeal and Error § 26— exception to the judgment — question pre-
   sented on appeal
       An exception to the entry of judgment presents the single ques-
   tion whether the facts found by the court are sufficient to support
   the judgment.

2. Executors and Administrators § 33— family agreements
       The courts generally look with favor upon family settlement
   agreements whereby a will contest is avoided or the settlement and
   distribution of an estate is promoted.

3. Executors and Administrators § 33— family settlement agreement —
   approval by the trial court
       The trial court properly approved a family settlement agreement
   which modified certain dispositive provisions of a testatrix' will and
   withdrew from probate a holographic codicil purportedly executed by
   the testatrix, which codicil, found among the testatrix' unopened mail,
   had revoked bequests to a stepbrother and his minor daughter, where
   (1) a bona fide controversy existed as to whether the holographic
   document was among the valuable papers of the testatrix; (2) there
   was a possibility that the codicil had been procured by fraud; (3) a
   caveat proceeding would have resulted in substantial expense to the
   estate and disruption of family harmony; (4) the agreement was fair
   to all parties and did not affect the rights of creditors; (5) although
   the minor daughter gave up the right to receive the principal of a
   $10,000 bequest, she retained the income therefrom until she became
   21 years old.

4. Wills § 4— holographic will — requirement that will be among valuable
   papers of testatrix
       A bona fide controversy existed as to whether a holographic
   document was found among the valuable papers and effects of the
   testatrix, where the document was discovered among some unopened
   mail on a sofa at the testatrix' home, in a small room which was used
   as an office. G.S. 31-3.4.

APPEAL by defendants from *Blount, Judge,* 31 May 1971
Session of Superior Court held in MECKLENBURG County.

This is a civil action to obtain court approval of a written
settlement agreement dated 20 November 1969 which modifies

some of the dispositive provisions of the will of Helen L. Riegel, deceased, and withdraws from probate a purported holographic codicil thereto. All persons affected by the settlement agreement were made parties and the case was submitted on the pleadings and on stipulations. Pertinent facts may be summarized as follows:

Helen L. Riegel, a resident of Mecklenburg County, died 2 August 1968 leaving an estate valued at approximately $440,000.00. An attested will dated 21 August 1964 and an attested codicil thereto dated 13 January 1965 were found upon inventory of her bank lockbox. These documents (which are together hereinafter referred to as the "Will") were probated in common form on 12 August 1968. Insofar as pertinent to this appeal, the dispositive provisions of the Will were as folows:

### "ITEM III

To each of the following persons who shall survive me I give, devise and bequeath the following of my possessions:

(a) To my niece, NANCY BETH THORNE, of Charlotte, North Carolina, (i) Ten Thousand ($10,000) Dollars; (ii) my Grandmother's chest; (iii) Harry J. Riegel's family corner chair; (iv) my French commode and mirror; (v) my English glass-enclosed treasure chest; (vi) all of my sterling silver; and (vii) all of my jewelry, including but not limited to all of my rings and watches;

\*    \*    \*    \*    \*

(c) To SAM T. THORNE, of Charlotte, North Carolina, Ten Thousand ($10,000) Dollars;

\*    \*    \*    \*    \*

### ITEM IV

If either my father, WILLIAM D. LYERLY, or my cousin, MYRTICE C. LOCHMANN, survives me, I give, devise, bequeath and appoint all of the rest, residue and remainder of my estate, real, personal, mixed or otherwise, including but not limited to all stocks, bonds, securities, moneys, and other property of which I die seized or possessed, or to which I am in any way entitled at the time of my death, or over which I then have any power of appointment by will (including all lapsed legacies and devises), to be held and

administered by my Trustee and finally distributed by my Trustee upon the trusts hereinafter set forth in this Item IV:

(a) My Trustee shall pay to or for my cousin, MYRTICE C. LOCHMANN, during her lifetime out of the net income of this trust the amount of Two Hundred ($200) Dollars per month.

(b) My Trustee shall pay to or for my father, WILLIAM D. LYERLY, during his lifetime, all of the remainder of the net income of this trust in quarterly installments. If my Trustee at any time in its absolute

Page 2
Will of Helen L. Riegel
/s/ Helen L. Riegel

discretion shall determine that the income of my father from this trust, when supplemented by income available to him from all other sources, is insufficient for his needs in connection with any sickness, accident or other emergency or unusual expense, my Trustee may pay to or for my father from the principal of this trust such sum or sums as my Trustee may consider necessary or desirable for such purposes.

(c) Upon the death of the last to survive of my father, WILLIAM D. LYERLY, and my cousin, MYRTICE C. LOCHMANN, my Trustee shall pay over and distribute, free of this trust, all of the then remaining principal and undistributed income, if any, of this trust as follows:

(i) Fifteen Thousand ($15,000) Dollars to SAM T. THORNE;

(ii) One-third (1/3) of the remainder after the foregoing bequest to SAM T. THORNE, to my niece, NANCY BETH THORNE; and

(iii) Two-thirds (2/3) of the remainder after the foregoing bequest to SAM T. THORNE, to the Trustees of LENOIR RHYNE COLLEGE, Hickory, North Carolina, to be used by said Trustees to establish the Harry J. Riegel and Helen L. Riegel Memorial Fund, the net income from which may be, in the sole and uncontrolled discretion of said

Trustees, used for the benefit of said LENOIR RHYNE COL-
LEGE, its faculty or students, without restrictions."

Nancy Beth Thorne, the beneficiary named in Item III(a)
and Item IV(c)(ii), is the minor daughter of Sam T. Thorne,
the beneficiary named in Item III(c) and in Item IV(c)(i).
William D. Lyerly, father of the testatrix, and Myrtice C. Loch-
mann, her cousin, survived the testatrix. The will named First
Union National Bank of North Carolina (the Bank) as Execu-
tor and as Trustee of the trust estate created by the Will, and
the Bank qualified as Executor on 13 August 1968 and stands
ready to act as Trustee under the Will.

Shortly after inventory of the lockbox was made, a Trust
Officer of the Bank found at the home of Helen L. Riegel on a
sofa, among some unopened mail, in a small room used as an
office by Helen L. Riegel, a sealed envelope on which was typed
"Mrs. Riegel" and on which was written in pencil the words "My
Will." This envelope contained a conformed copy of the attested
will dated 21 August 1964, to which was attached by paper clip
a single sheet of paper, bearing writing on both sides, which
writing bears the signature "Helen L. Riegel" and which writing
is purported to be a holographic codicil to the Will. This writing
reads as follows:

"March 21, 1967

When we were at the beach, Windy Hill, S. C., Ethel told
Cousin Myrtice C. Lochmann that Sam & Eleanor Thorne,
my step-brother and his wife, Do not like me. In view of this
information I do not want either they or their daughter
Nancy Beth to have any part of my estate. The provision
that I had made for them I want to go to Myrtice C.
Lochmann for her life time then into my estate to be given
to Lenoir Rhyne College for the H. J. Riegel Trust.

HELEN L. RIEGEL"

The Bank, seeking to determine the authenticity of this
paper writing, on 16 September 1968 filed a petition with the
clerk of Superior Court of Mecklenburg County for its probate
in solemn form as a codicil to the Will, and a citation to see the
probate proceedings together with a copy of the petition was
duly served on all interested parties. Probate proceedings were
convened before the clerk on 8 October 1968, at which all in-

terested parties were present and represented by counsel, Elea-
nor Galloway Thorne, mother of Nancy Beth Thorne, having
been appointed guardian ad litem to represent the interest of
her minor daughter. Testimony was taken from the Trust
Officer of the Bank who found the paper writing, and the
handwriting of Helen L. Riegel and her signature were identi-
fied by three witnesses. Upon denial of motion made by the
counsel for Sam T. Thorne and Nancy Beth Thorne that the
holograph not be probated, counsel announced his intention to
challenge the validity of the purported codicil on the ground
that it was not found among the valuable papers of Helen L.
Riegel as required by G.S. 31-3.4(a)(3) and on the grounds of
undue influence and fraud, and to request certification of the
issues thus raised to the Superior Court for trial by a jury.
Counsel for all parties then agreed that the probate proceedings
be adjourned so that the interested parties might discuss the
possibility of settlement, and motion to adjourn was allowed.
Thereupon counsel for all interested parties entered into ne-
gotiations in an attempt to reach a settlement which would avoid
the expense, embarrassment and family disharmony which
would result from the trial of the issues of undue influence
and fraud and such other issues as might develop. As a result
of these negotiations the parties reached an agreement and
reduced their agreement to writing dated 20 November 1969.
By the terms of this instrument the parties agreed that, if the
court should approve the settlement agreement, the purported
holographic codicil should be withdrawn from probate and the
parties would abide by the terms of the Will, as amended and
modified only in the following particulars:

"(a) The bequest of $10,000 in Item III (a) (i) of the
Will to Nancy Beth Thorne be limited to the income there-
from until her death or until she reaches age twenty-one
(21), whichever event shall first occur, the $10,000 to be
then paid to Lenoir Rhyne College;

(b) An additional cash payment of $4,575.95 is to be
paid to Myrtice C. Lochmann, which sum shall be payable
from the residuary of the Helen L. Riegel Estate;

(c) The bequest of $15,000.00 to Sam T. Thorne in
Item IV (c) (i) of the Will shall be paid instead to Lenoir
Rhyne College upon the death of the last to survive of Wil-
liam D. Lyerly and Myrtice C. Lochmann."

The agreement provided that all obligations thereunder were subject to the condition precedent that the settlement agreement be approved by the court in litigation in which all parties affected by the settlement agreement are parties and are properly represented. The present litigation resulted.

After hearing, at which all parties were represented, judgment was entered in which the court made detailed findings of fact substantially as hereinabove stated and including findings that there exists a bona fide factual and legal controversy as to the validity of the purported holographic codicil and that the proposed settlement is in the best interests of all parties thereto and will prevent dissipation and waste of the estate. In accordance with these findings, the court approved the settlement agreement and directed the Executor to administer the estate in accordance with the Will as modified by the agreement.

From this judgment the Executor and the guardian of the minor appealed.

*Sigmon & Sigmon by Jesse C. Sigmon, Jr., for Lenoir Rhyne College; and Farris & Mallard by Lynwood Mallard for Myrtice C. Lochmann, plaintiff appellees.*

*Helms, Mullis & Johnston by E. Osborne Ayscue, Jr., and Robert B. Cordle for First Union National Bank; and John E. McDonald for Eleanor Galloway Thorne, Guardian Ad Litem, defendant appellants.*

PARKER, Judge.

[1] The sole exception in the record is to the entry of the judgment. "This exception presents the single question whether the facts found by the court are sufficient to support the judgment, or, stated differently, whether the court correctly applied the law to the facts found." *Redwine v. Clodfelter*, 226 N.C. 366, 38 S.E. 2d 203.

[2] The courts have generally looked with favor upon family settlement agreements whereby a will contest is avoided or the settlement and distribution of an estate is promoted. Annotation, 29 A.L.R. 3d 8. Such agreements are said to be "bottomed on a sound public policy which seeks to preserve estates and to promote and encourage family accord," *Fish v. Hanson*, 223 N.C. 143, 25 S.E. 2d 461, and "when fairly made, and when they

do not prejudice the rights of creditors, are favorites of the law." *Tise v. Hicks,* 191 N.C. 609, 132 S.E. 560. "But such agreements will not be approved if the rights of infants are prejudiced thereby. Neither will the terms of a testamentary trust be modified merely because the beneficiaries thereof dislike its provisions. The modification of the terms of such a trust will be approved only when such modification is deemed necessary in order to preserve the trust." *Rice v. Trust Co.,* 232 N.C. 222, 59 S.E. 2d 803.

In *O'Neil v. O'Neil,* 271 N.C. 106, 155 S.E. 2d 495, a case involving both rights of infants and modification of the dispositive provisions of a testamentary trust, Bobbitt, J. (now C.J.), speaking for our Supreme Court, said:

> "The provisions of a will or testamentary trust may be modified by a family settlement agreement only where there exists some exigency or emergency not contemplated by the testator. . . .

> *      *      *      *

> The mere fact that a caveat has been filed, standing alone, is not sufficient ground for modification of the dispositive provisions of the will. The outcome of the litigation must be in doubt to such extent that it is advisable for persons affected to accept the proposed modifications rather than run the risk of the more serious consequences that would result from an adverse verdict."

[3, 4] Tested by the foregoing principles, the trial court was clearly correct in approving the settlement agreement with which we are here concerned. A bona fide controversy existed as to whether the holographic document being offered for probate was a valid codicil to the will of the testatrix. Counsel equally learned in the law could well differ as to whether it was found among the "valuable papers and effects" of the testatrix or under such other circumstances as to make it a valid holographic will under G.S. 31-3.4. On its face the possibility is suggested that its execution may have been procured by misrepresentation or undue influence, and the outcome of a jury verdict on the issue of *devisavit vel non* would have clearly been in doubt. The only thing which could have been certain to result from continued efforts to probate in the face of a caveat would have been substantial expense to the estate, protracted

delay in its settlement, and complete disruption of family harmony. Under these circumstances all parties were well and prudently advised by their counsel to seek an agreement. The agreement finally arrived at by arms-length negotiations was fair to all concerned. Rights of creditors and of beneficiaries of the estate not parties to the agreement were in nowise affected. The best interests of the minor beneficiary were well served. By the settlement agreement she gave up the right to receive the principal of the $10,000.00 bequest, but she retained the income therefrom until she becomes twenty-one years of age or until her earlier death. Otherwise her ultimate share in the estate was reduced only by $1,525.32 (being one-third of the sum of $4,575.95 paid from the residuary estate to Myrtice C. Lochmann under the agreement.) Had these relatively minor concessions not been made and no settlement agreement been reached, the entire and very substantial interests of the infant in the estate would have been jeopardized. All parties to the settlement agreement other than the infant were *sui juris*, and they were, as was the infant and her guardian, well represented by competent counsel. In arriving at the agreement all parties and their counsel are to be commended.

The judgment approving the agreement is

Affirmed.

Judges BRITT and MORRIS concur.