COY E. BECK, ADMINISTRATOR OF THE ESTATE OF BLANCHE K. BECK, AND COY E. BECK, INDIVIDUALLY v. PAUL C. BECK, PEGGY B. MANESS, POLLY B. DOBY, BOBBY RAY BECK, AND THOMASVILLE CITY BOARD OF EDUCATION

No. 7722SC753

(Filed 20 June 1978)

1. Executors and Administrators § 37 — administrator's fees and expenses — jurisdiction

The superior court had no jurisdiction to hear plaintiff's claims for recovery of fees and expenses relating to the administration of his deceased wife's estate since the clerk of court has original jurisdiction of such claims, there have been no proceedings on such claims before the clerk, and there has been no allegation that the clerk was disqualified to act. G.S. 28A-2-1; G.S. 7A-241.

Beck v. Beck

2. **Executors and Administrators § 33— action to set aside family settlement agreement—insufficiency of complaint**

   Plaintiff's complaint failed to allege a legally sufficient basis for setting aside a family settlement agreement for the distribution of an estate where it alleged that he signed the agreement without benefit of counsel, he was not aware of the full legal effects of the agreement, and he relied upon the defendants to his detriment.

3. **Pleadings § 33.3; Rules of civil Procedure § 15.1— denial of motion to amend complaint**

   In an action to set aside a family settlement agreement, the trial court did not abuse its discretion in the denial of plaintiff's motion, made a year and a half after his complaint was filed and long after responsive pleadings had been served, to amend his complaint to allege that his execution of the agreement was procured by misrepresentation by the defendants.

APPEAL by plaintiff from *Godwin, Judge*. Judgment entered 16 July 1975 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 2 June 1978.

Plaintiff instituted this civil action both in his individual capacity and as administrator of the estate of his deceased wife, Blanche K. Beck. He sought to have a family settlement agreement set aside and to recover from the estate administrator's fees and certain expenses incurred by him on behalf of the estate. A prior appeal in this case was dismissed as being premature. *Beck v. Beck*, 28 N.C. App. 488, 221 S.E. 2d 763 (1976).

The family settlement agreement which plaintiff attacks, a copy of which was attached to plaintiff's complaint, was signed by plaintiff and by his four children, who are the individual defendants in this action and all of whom are adults. This agreement states that Blanche K. Beck died intestate in June 1969, leaving as her sole heirs at law her husband and her four children. The stated purpose of the agreement is to settle the respective interests of the parties in the proceeds from a promissory note held by plaintiff and Blanche K. Beck at the time of her death. Defendant Thomasville City Board of Education had purchased 5.42 acres of real property from plaintiff and his wife in April 1969 and had executed the note, in the face amount of $43,750, to cover the balance of purchase price of the property. Prior to Mrs. Beck's death, the Thomasville City Board of Education had paid $11,500 on the note, leaving a remaining principal indebtedness at the time of Mrs. Beck's death of $32,250. The family settlement agree-

ment provides for allocation of this remaining indebtedness among plaintiff and the individual defendants.

Upon motion of the individual defendants, the trial court directed that the action be dismissed as to the individual defendants. The dismissal was based upon the court's conclusions (1) that plaintiff's claims for recovery of administrator's fees and other expenses relating to administration of the estate are within the exclusive original jurisdiction of the clerk of superior court and (2) that plaintiff's allegations regarding setting aside the family settlement agreement fail to state a claim upon which relief can be granted. Plaintiff appealed.

*Ottway Burton for plaintiff appellant.*

*John T. Weigel, Jr., for defendants appellees.*

PARKER, Judge.

[1] Plaintiff first contends that the trial court erred in concluding that it had no jurisdiction to hear plaintiff's claim for recovery of administrator's fees and certain expenses he incurred on behalf of the estate of Blanche K. Beck. He argues that the clerk of superior court has no jurisdiction to hear his claim for fees and expenses. The statutes provide otherwise. G.S. 28A-2-1 provides that the clerk of superior court has "jurisdiction of the administration, settlement, and distribution of estates of decedents." Except for situations in which the clerk is disqualified to act, G.S. 28A-2-3, the clerk's probate jurisdiction is original and exclusive, and a superior court judge may hear such cases only upon appeal from the clerk. G.S. 7A-241; *In re Estates of Adamee*, 291 N.C. 386, 230 S.E. 2d 541 (1976). In the present case there was no allegation that the clerk was disqualified to act, and there have been no proceedings before the clerk on plaintiff's claims against his wife's estate. Therefore, the superior court judge properly concluded that he lacked jurisdiction to hear plaintiff's claims for recovery of fees and expenses relating to administration of his deceased wife's estate.

[2] Turning now to plaintiff's claim to have the family settlement agreement set aside, we note that he alleged, as the grounds for his claim, that the family settlement agreement "was signed by the plaintiff without benefit of counsel and he was not aware of

the full legal effects of his signing of said instrument . . . and that said agreement failed to protect the plaintiff's individual interests and the interests of the estate." Plaintiff further alleged that the agreement "was null and void, he being without counsel when he executed the said agreement and he relied upon the defendants other than the Thomasville City Board of Education to his detriment." We agree with the trial court's conclusion that these allegations fail to state a claim upon which relief can be granted.

Family settlement agreements providing for distribution of estates are favored and will be upheld if all beneficiaries are properly accounted for, if creditors are not prejudiced, and in the absence of fraud, misrepresentation, or mistake. *In re Pendergrass*, 251 N.C. 737, 112 S.E. 2d 562 (1960); *Tise v. Hicks*, 191 N.C. 609, 132 S.E. 560 (1926); *Reese v. Carson*, 3 N.C. App. 99, 164 S.E. 2d 99 (1968). Other possible grounds for setting aside a family settlement agreement include undue influence, duress, or breach of confidential or fiduciary relationship. Annot., 29 A.L.R. 3d 174 (1970); Annot., 29 A.L.R. 3d 8 (1970).

Even when viewed with the liberality required under the notice theory of pleading, plaintiff's complaint fails to allege any legally sufficient basis for setting aside the family settlement agreement in this case. No specific formalities are required for execution of a family settlement, *Tise v. Hicks, supra*, and absence of counsel will not defeat an otherwise valid family settlement. Plaintiff alleged that he "was not aware of the full legal effects" of the agreement, but there is no allegation that he was either unable or was denied an opportunity to read the agreement. Plaintiff alleged that he "relied upon the defendants . . . to his detriment," but there is no allegation that defendants gave him any false or misleading information. Therefore, plaintiff's second assignment of error is overruled.

[3] In open court at the hearing on the individual defendants' motion for judgment on the pleadings, plaintiff made a motion to amend his complaint to allege that his execution of the family settlement agreement was procured by misrepresentation by the defendants. The court denied plaintiff's motion, and this denial is the basis of plaintiff's third assignment of error. Plaintiff's motion was not made until a year and a half after his complaint was filed and long after responsive pleadings had been served. Under such

circumstances, "[a] motion to amend is addressed to the discretion of the court, and its decision thereon is not subject to review except in case of manifest abuse." *Calloway v. Motor Co.*, 281 N.C. 496, 501, 189 S.E. 2d 484, 488 (1972). Plaintiff has failed to show any facts or circumstances that would indicate an abuse of discretion. Therefore, this assignment of error is overruled.

The court's order dismissing plaintiff's action against the individual defendants is

Affirmed.

Judges HEDRICK and MITCHELL concur.