262 S.E.2d 292 (1980)
In the Matter of the ESTATE of Alma M. SNIPES, Deceased.
No. 799SC374.
Court of Appeals of North Carolina.
February 5, 1980.
*293 Mount, White, King, Hutson, Walker & Carden by R. Michael Carden and Albert W. Oakley, Rorboro, for respondent-appellee.
Watson, King & Hofler by R. Hayes Hofler, III, Durham, for petitioner-appellant.
*294 WELLS, Judge.
In her appeal from Judge Smith's judgment of 12 February 1979, executrix assigned as error the failure of the trial court to allow her motion for relief from judgment and for the trial court's rendering its judgment without hearing a witness who had been duly served with a subpoena.
In her Rule 60(b) motion, executrix asserted as grounds for relief lack of jurisdiction of the Clerk and irregularities preventing a full and fair hearing.
The first question presented in this appeal is whether the Clerk of Superior Court has exclusive original jurisdiction to determine the validity of a dissent by a surviving spouse to the will of a deceased spouse. The answer to that question must be in the affirmative. In this State, the Clerk is given exclusive original jurisdiction of the administration, settlement and distribution of estates except in cases where the Clerk is disqualified to act. G.S. 28A-2-1; In re Estate of Adamee, 291 N.C. 386, 230 S.E.2d 541 (1976). See also, Beck v. Beck, 36 N.C.App. 774, 245 S.E.2d 199 (1978). A dissent has no meaning or legal effect except as it relates to a will admitted to probate. The right, time and manner, and effect of the filing and recording of a dissent to a will are all matters within the probate jurisdiction of the Clerk.
The next question presented is whether the trial court erred in failing to grant executrix's Rule 60(b)(6) motion, on grounds of irregularities which prevented a full and fair hearing before the Clerk. A Rule 60(b)(6) motion is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the trial court has abused its discretion. Sink v. Easter, 288 N.C. 183, 217 S.E.2d 523 (1975). Under Rule 60(c), the Clerk of Superior Court may exercise the powers authorized in Rule 60(b). We note, however, that a motion under Rule 60(b) may not be used as a substitute for a general appeal. O'Neill v. Bank, 40 N.C.App. 227, 252 S.E.2d 231 (1979); and a Clerk of Court is limited, with respect to his authority to upset a judgment, to those grounds stated in the Rule.
In denying executrix's motion, the Clerk made specific findings as to the manner and form in which the dissent was handled which showed that the proceeding before the Clerk was held in a full and fair manner. The findings of the Clerk thus support his judgment denying executrix's 60(b) motion and the Superior Court correctly entered judgment affirming the Clerk.
Executrix argues that the Superior Court erred in not hearing a witness she subpoenaed to a hearing held before the Court with reference to the appeal. The authority and duty of the Superior Court was limited to review of the Clerk's findings of fact and conclusions of law. In re Estate of Lowther, 271 N.C. 345, 156 S.E.2d 693 (1967); In re Spinks, 7 N.C.App. 417, 173 S.E.2d 1 (1970). Accordingly, executrix could not have been prejudiced by the Superior Court's failure to hear her additional evidence.
The judgment of the trial court is
Affirmed.
HEDRICK and ROBERT M. MARTIN, JJ., concur.